UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON JONES,

    Plaintiff,

v.

DEARBORN AVENUE BISTRO, INC.,

    Defendant.

Case No:
Hon.

---

Greg A. Jones (P75318)
**GASIOREK MORGAN,**
Attorneys for Plaintiffs
30500 Northwestern Hwy, Ste 425
Farmington Hills, MI 48334
P: (248) 865-0001
F: (248) 865-0002
gjones@work-lawyers.com

---

## **COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiff, AARON JONES, by and through his attorneys, GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C., and for his complaint against Defendant, states the following:

1.    This cause of action asserts claims of pervasive and repeated harassment on the basis of Plaintiff's race, as well as unlawful discrimination in the termination of his employment in violation of Title VII of the Civil Rights

Act of 1964, as amended, and the Elliot-Larsen Civil Rights Act, MCL § 37.2101 et seq.

## **PARTIES**

2. Plaintiff, Aaron Jones (hereinafter, "JONES"), is a resident of City of Windsor in the Province of Ontario, Canada.

3. Defendant, DEARBORN AVENUE BISTRO, Inc (hereinafter, "BT's"), is a Michigan Corporation, operating as BT's Executive Club (a gentlemen's club) a with its principal place of business located in the City of Dearborn, County of Wayne, State of Michigan.

## **JURISDICTION AND VENUE**

4. This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. §1331 and 1367.

5. This Court has jurisdiction over Defendant because it was formed under the laws of the State of Michigan and has continuous and systematic operations in the State of Michigan.

6. JONES filed a Charge of Discrimination with the Equal Employment Opportunity Commission on October 30, 2020 which was within 300 days of the events giving rise to his claims. **(Attached as Exhibit 1)**

7. The EEOC issued a notification of the right-to-sue to JONES on or about January 24, 2022.

8. JONES has filed this complaint within 90 days of receiving the notification of the right-to-sue from the EEOC.

9. All of the discriminatory and retaliatory employment practices alleged in this Complaint occurred within the State of Michigan.

10. Venue is proper and convenient in this judicial circuit.

## STATEMENT OF FACTS

11. BT's hired JONES in or about 2005 as a manager for the bar.

12. JONES was employed continuously with BT's through approximately 2010, when he left to take another position.

13. In or around November 2017, BT's owner, Nick Faranso (hereinafter, "FARANSO") asked JONES to return to employment with BT's.

14. In November 2017, JONES returned to work at BT's as a manager.

15. JONES is a black male.

16. During the course of his employment, JONES experienced a pervasive culture of discriminatory comments and behaviors by BT's managers and employees against its black patrons, dancers, contractors, employees, and vendors.

17. Specifically, BT's employees, including management, used racial slurs when referring to black patrons, other black employees, and JONES specifically, including terms such as abeed, thug, coon, monkey, and nigger.

18. BT's managers and employees used these terms to refer to black customers in JONES's presence.

19. BT's managers and employees would also frequently refer to black customers as JONES's "cousins" or "family."

20. BT's managers and employees additionally developed a code utilized to refer to black patrons when discussing them in the club in order to disguise their discriminatory treatment.

21. Because JONES is a Canadian citizen, BT's employees referred to black patrons as "Canadians."

22. BT's instructed JONES to limit the number of black customers and dancers allowed within the club at a given time.

23. BT's instructed JONES to treat black customers differently from other customers in regard to where they were sat and how they were served.

24. Throughout his employment, JONES objected to the discriminatory harassment and treatment of BT's customers, dancers, employees, and himself, but was met with indifference and continued hostility.

25. BT's employed six managers.

26. Of those employed by BT's, JONES was the only black manager.

27. On or about January 6, 2020, BT's terminated JONES's employment.

28. BT's told JONES that his termination was the result of layoffs necessitated by the closure of another club.

29. JONES was the only manager to be terminated.

30. Other similarly-situated white and Arabic managers with less experience than JONES were allowed to remain employed by BTs.

## **COUNT I – VIOLATION OF TITLE VII of CIVIL RIGHTS ACT OF 1964**

*Harassment on the Basis of Race*

31. Plaintiff realleges and incorporates the allegations of the preceding paragraphs as though fully set forth herein.

32. At all relevant times, the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, provides, in relevant part:

> It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because such individual's race… or (2) to limit segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment

> opportunities or otherwise adversely affect his status as an employee, because of such individuals race…

42 U.S.C. §2000e-2(a).

33. At all relevant times, JONES was an employee of BT's covered by and within the meaning of Title VII.

34. During JONES's employment with BT's, he was subjected to acts of racial discrimination by BT's employees, managers, and owners.

35. JONES was subjected to unwelcome conduct due to his race.

36. The unwelcome conduct affected a term or condition of employment and/or had the purpose or effect of unreasonably interfering with JONES's work performance, and/or creating an intimidating, hostile, or offensive work environment.

37. The harassment was committed by BT's employees and supervisory personnel who knew or should have known of the harassment and failed to take immediate and appropriate corrective action.

38. The harassment was known or should have been known by BT's, who failed to take immediate and appropriate corrective action.

39. As a direct and proximate result of BT's unlawful violations of JONES's civil rights, he has suffered economic and non-economic damages, including but not limited to loss of employment and future employment and career opportunities, the loss of past and future employment and income

benefits, mental anguish, emotional distress, extreme humiliation, outrage, and the loss and enjoyment of the ordinary pleasures of life.

### COUNT II – VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964

*Discrimination on the Basis of Race*

40. Plaintiff realleges and incorporates the allegations of the preceding paragraphs as though fully set forth herein.

41. BT's violated JONES's rights under Title VII of the Civil Rights Act of 1964, as amended, by, including but not limited to, creating a hostile work environment, treating him less favorably than similarly situated white employees, terminating his employment, denying him opportunities for other positions, and otherwise discriminating against JONES with respect to the terms, conditions, and privileges of employment because of his race.

42. As a direct and proximate result of such violations of JONES's rights by BT's, JONES has suffered and will continue to suffer damages, including but not limited to loss of employment and future employment and career opportunities, the loss of past and future employment and income benefits, mental anguish, emotional distress, extreme humiliation, outrage, and the loss and enjoyment of the ordinary pleasures of life.

### COUNT III – VIOLATION OF CIVIL RIGHTS ACT OF 1964

*Retaliation for Opposition to Discrimination on the Basis of Race*

43. Plaintiff realleges and incorporates by reference the preceding paragraph's as though fully set forth herein.

44. JONES complained to BT's personnel regarding the race-based discriminatory practices he experienced.

45. JONES's reports of BT's discriminatory and/or illegal practices was a protected activity under Title VII of the Civil Rights Act of 1964, as amended.

46. BT's retaliated against JONES for opposing discrimination on the basis of race.

47. BT's actions were willful, intentional, and/or made in reckless disregard of JONES's rights and sensibilities.

48. As a direct and proximate result of such violations of JONES's rights by BT's, JONES has suffered and will continue to suffer damages, including but not limited to loss of employment and future employment and career opportunities, the loss of past and future employment and income benefits, mental anguish, emotional distress, extreme humiliation, outrage, and the loss and enjoyment of the ordinary pleasures of life.

**COUNT IV – VIOLATION OF ELLIOT LARSEN CIVIL RIGHTS ACT**

*Discrimination on the Basis of Race*

49. Plaintiff realleges and incorporates by reference the preceding paragraph's as though fully set forth herein.

50. At all times relevant, JONES was an "employee" and BT's were "employers" within the meaning of Michigan's Elliot-Larsen Civil Rights Act (hereinafter, "ELCRA"), as amended.

51. At all times relevant herein, JONES had a right to employment free from discrimination on the basis of his race under the ELCRA.

52. Defendant's violated JONES's rights under the ELCRA by, including but not limited to, creating a hostile work environment, treating him less favorably than similarly situated white employees, terminating his employment, denying him opportunities for other positions, and otherwise discriminating against JONES with respect to the terms, conditions, and privileges or employment because of his race.

53. As a direct and proximate result of such violations of JONES's civil rights by BT's, JONES has suffered and continues to suffer damages, including but not limited to loss of past and future income and employee benefits, loss of professional reputation, mental anxiety, emotional distress, outrage, humiliation and embarrassment.

**COUNT V – VIOLATION OF ELLIOT LARSEN CIVIL RIGHTS ACT**

*Retaliation for Opposition to Discrimination on the Basis of Race*

54. Plaintiff realleges and incorporates by reference the allegations of the preceding paragraphs as though more fully set forth herein.

55. JONES's objections to and reports of discrimination on the basis of race to BT's and its agents, representatives, and employees constitutes protected activity under ELCRA.

56. BT's retaliated against JONES for engaging in activity protected by ELCRA and for opposing violations of ELCRA in violation of the Act.

57. As a direct and proximate result of such violations of JONES's civil rights by BT's, JONES has suffered and continues to suffer damages, including but not limited to loss of past and future income and employee benefits, loss of professional reputation, mental anxiety, emotional distress, outrage, humiliation and embarrassment.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff AARON JONES, respectfully requests this Honorable Court enter judgment in his favor, and against Defendant for (1) Compensatory Damages in an amount to be determined by the finder of fact, (2) exemplary and/or punitive damages, (2) interest and the cost of litigation, including but not limited to reasonable attorney fees and witness fees.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff, AARON JONES, by and through his attorneys, GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C., hereby demands a trial by jury in this cause.

                Respectfully submitted,

                GASIOREK MORGAN,

                _____
                Greg Jones (P75318)
                Attorneys for Plaintiff
                30500 Northwestern Hwy, Ste 425
                Farmington Hills, MI 48334
                (248) 865-0001
Dated: April 14, 2022      gjones@work-lawyers.com